IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ZUMAR DUBOSE** | : | CIVIL ACTION |
| *Plaintiff* | : | |
| | : | |
| v. | : | NO. 24-CV-0362 |
| | : | |
| **THE UNITED STATES OF AMERICA,** | : | |
| *Defendant* | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

| | | |
|---|---|---|
| **ZUMAR DUBOSE** | : | CIVIL ACTION |
| *Plaintiff* | : | |
| | : | |
| v. | : | NO. 24-CV-0958 |
| | : | |
| **THE UNITED STATES OF AMERICA,** | : | |
| *Defendant* | : | |

**M E M O R A N D U M**

NITZA I. QUIÑONES ALEJANDRO, J.                                                                                       MARCH 22, 2024

Plaintiff Zumar DuBose, a convicted federal prisoner in custody in FDC Philadelphia, filed these two *pro se* civil actions against the United States. DuBose seeks leave to proceed *in forma pauperis* in both cases. Because DuBose has obtained three prior "strikes" and has not alleged an imminent danger of serious physical injury pursuant to 28 U.S.C. § 1915(g) in either of these cases, his motion for leave to proceed *in forma pauperis* is denied and, therefore, DuBose must pay the full filing fee for each case if he wishes to continue with them.

**I.      FACTUAL ALLEGATIONS**

In Civil Action No. 24-0362, DuBose asserts claims for money damages against the United States under the Federal Tort Claims Act ("FTCA") for negligent and wrongful federal employee

conduct, fraud, and related claims, asserting that: he was wrongfully prosecuted for criminal charges; a bench warrant, a "seizure warrant," a search warrant, a temporary detention order, and a pretrial detention order were all issued without probable cause; a motion for release from custody was improperly denied; he was forced to enter a not guilty plea against his will to a charge over which the Court lacked subject matter jurisdiction; and the government brought a superseding indictment without probable cause. (*Id*., ECF No. 1 at 5-13.) In Civil Action No. 24-0958, DuBose also asserts claims for money damages against the United States under the FTCA for misrepresentation, abuse of process, false imprisonment, false arrest, interference with contract rights, negligent and wrongful acts by a federal employee, intentional infliction of emotional distress, and fraud. (*Id*., ECF No. 3 at 1.) He asserts twenty-nine claims all involving alleged improprieties by various federal actors including judges, prosecutors, and witnesses, who were involved in his criminal case. (*Id*. at 3-34.)

## II. STANDARD OF REVIEW

The *in forma pauperis* statute, 28 U.S.C. § 1915, allows indigent litigants to bring an action in federal court without prepayment of filing fees, ensuring that such persons are not prevented "from pursuing meaningful litigation" because of their indigence. *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 312 (3d Cir. 2001) (*en banc*) (internal quotation marks omitted). But, as Congress has recognized, people who obtain *in forma pauperis* status are "not subject to the same economic disincentives to filing meritless cases that face other civil litigants," and, thus, the provision is susceptible to abuse. *Id.* (citing 141 Cong. Rec. S7498-01, S7526 (daily ed. May 25, 1995) (statement of Sen. Kyl)).

"[I]n response to the tide of substantively meritless prisoner claims that have swamped the federal courts," Congress enacted the Prison Litigation Reform Act ("PLRA") in 1996. *Ball v.*

*Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013) (quoting *Shane v. Fauver*, 213 F.3d 113, 117 (3d Cir. 2000)) (internal quotation marks omitted), *abrogated, in part, on other grounds by Coleman v. Tollefson*, 135 S. Ct. 1759, 1763 (2015). Among other things, the PLRA implemented the so-called "three strikes rule," which provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g) (emphasis added). Put more simply, under the PLRA, a prisoner with three prior "strikes" can obtain *in forma pauperis* status only if he is in imminent danger of serious physical injury. Courts must consider a *pro se* prisoner's allegations of imminent danger "under our liberal pleading rules, construing all allegations in favor of the complainant." *Gibbs v. Cross*, 160 F.3d 962, 966 (3d Cir. 1998).

Consistent with § 1915(g), a prisoner, who on three or more prior occasions while incarcerated, has filed an action or appeal in federal court that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, must be denied *in forma pauperis* status unless he was in imminent danger of serious physical injury at the time that the complaint was filed. *Abdul-Akbar*, 239 F.3d at 310-11. A strike under § 1915(g) "will accrue only if the entire action or appeal is (1) dismissed explicitly because it is 'frivolous,' 'malicious,' or 'fails to state a claim' or (2) dismissed pursuant to a statutory provision or rule that is limited solely to dismissals for such reasons, including (but not necessarily limited to) 28 U.S.C. §§ 1915A(b)(1), 1915(e)(2)(B)(i), 1915(e)(2)(B)(ii), or Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Byrd v. Shannon*, 715 F.3d 117, 126 (3d Cir. 2013). "A strike-call under Section 1915(g) . . . hinges exclusively on the basis for the dismissal, regardless of the decision's prejudicial effect."

*Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1724-25 (2020), *abrogating Millhouse v. Heath*, 866 F.3d 152, 161 (3d Cir. 2017).

### III. "THREE-STRIKE" ANALYSIS

#### A. DuBose Has Accumulated Three Strikes.

The Court concludes that DuBose has accumulated at least three strikes for purposes of § 1915(g). In *DuBose v. United States*, No. 23-2107 (E.D. Pa.), DuBose's Fourth and Fifth Amendment claims against the United States based on allegedly false testimony of a postal inspector were dismissed, with prejudice, as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) on August 4, 2023, because the claims were not a plausible extension of *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971) and, thus, not cognizable. (ECF No. 8 at 3-4.) The dismissal of this case in its entirely constitutes a strike under § 1915(g).

In *DuBose v. FDC Warden*, No. 23-3098 (E.D. Pa.), DuBose's *Bivens* claims against the Federal Bureau of Prisons, the United States Marshals Service, and the United States Attorney General were dismissed, with prejudice, on November 13, 2023, for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). (*Id*. ECF No. 5.) DuBose's additional claim against the Warden of FDC Philadelphia was dismissed, with prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) on January 9, 2024, when DuBose failed to file an amended complaint to reassert that claim, which was previously dismissed with leave to amend as noted in the November 13, 2023 Memorandum and Order. (*Id*. ECF No. 7.) In combination, these Orders dismissed all claims in the case with prejudice and constitute a strike for purposes of § 1915(g).

In *DuBose v. United States*, No. 23-4374 (E.D. Pa.), the Court dismissed, with prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) DuBose's FTCA claims for money damages against the United States because (1) his claims based on the actions of a federal judge, the United States

4

Marshal, and Assistant United States Attorneys were barred by absolute immunity, and (2) his remaining claim, based on actions by members of the Federal Defender's Office who were appointed to represent him in his criminal trial, were not plausible because a claim involving the provision of legal representation is exempt from suit under the FTCA. (*Id.*, ECF No. 5 at 4-6.) The dismissal of this case in its entirety constitutes a strike for purposes of § 1915(g).

### B. DuBose Does Not Allege Imminent Danger.

Because DuBose has accumulated three strikes, he can no longer proceed *in forma pauperis* in any federal court unless he can show that he is in imminent danger of serious physical injury at the time he brought his Complaint, and he has not. The "imminent danger" exception to the three-strikes rule serves as a "safety valve" to ensure that a prisoner is not subject to serious injury due to his inability to pay a filing fee. *Ball*, 726 F.3d at 467. It "creates a narrow opening for a particular type of claim; it does not give prisoners . . . a license to swamp the court with claims whenever they successfully state a claim of imminent danger." *Brown v. Lyons*, 977 F. Supp. 2d 475, 481-82 (E.D. Pa. 2013) (citing *Pettus v. Morgenthau*, 554 F.3d 293, 297 (2d Cir. 2009)). "Imminent dangers are those dangers which are about to occur at any moment or are impending." *Abdul-Akbar*, 239 F.3d at 315 (internal quotation marks omitted). Past dangers are not imminent dangers. *See Ball*, 726 F.3d at 467. Vague, general, or conclusory allegations are likewise insufficient to establish that a plaintiff is in imminent danger. *Id.* Finally, "there must be a nexus between the imminent danger a three-strikes prisoner alleges to obtain IFP status and the legal claims asserted in his complaint." *Pettus*, 554 F.3d at 297; *see also Ball v. Hummel*, 577 F. App'x 96, 98 n.1 (3d Cir. 2014) (*per curiam*). In other words, the claimed imminent danger must relate to the legal claims the prisoner pursues. *Id.*; *see also Brown v. U.S. Dist. Ct., E. Dist.*, No. 13-7229, 2014 WL 1225878, at *1 (E.D. Pa. Mar. 25, 2014) ("In short, § 1915(g) requires two things:

the allegation of imminent danger and a claim for relief that if granted will preclude the danger from becoming a reality.").

The Court finds that DuBose's allegations do not meet the imminent danger standard of Section 1915(g). In both of these cases, DuBose asserts that his rights were violated during various aspects of his criminal trial. Because there is no suggestion in any of his claims concerning imminent danger of serious physical injury at the time he brought his cases, the Court finds that the imminent danger exception does not apply.

## IV.    CONCLUSION

Because DuBose is a "three-striker" who is prohibited from proceeding *in forma pauperis* unless he is in imminent danger of serious physical injury at the time of filing, and since he was not in imminent danger when he submitted the two Complaints before this Court, DuBose's motions to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(g are denied. Should DuBose desire to litigate his claims, he must pay the full filing fee in advance. An appropriate Order follows, which gives DuBose an opportunity to pay the fees in the event he seeks to proceed with these cases.[1]


*NITZA I. QUIÑONES ALEJANDRO, J.*

---

[1] DuBose may also opt to proceed with one but both of these cases. Any filing fee he submits to the Clerk of Court should note the Civil Action Number of the case for which the fee is intended. Irrespective of payment of the filing fee, the case would still be subject to statutory screening pursuant to 28 U.S.C. § 1915A.